UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONALD A. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01392-JPH-TAB |
| | ) | |
| STITCH FIX, INC.[1] | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDING**

**I.     Introduction**

Defendant Stitch Fix, Inc. seeks to compel Plaintiff Ronald A. Miller to arbitrate his claims and have the Court stay this case pending the outcome of arbitration.  Stitch Fix argues Miller voluntarily entered into a binding arbitration agreement as a condition of his employment with Stitch Fix.  Miller opposes Stitch Fix's motion and argues that he signed the arbitration form "under great duress" because "signing this form is mandatory to work at Stitch Fix" and he "needed a job to provide for [his] family."  [Filing No. 16, at ECF p. 1.][2]  As discussed below, Miller received the arbitration agreement from Stitch Fix, had an opportunity to review it, and accepted its terms.  Miller falls short of his burden of proving that the claims at issue are not arbitrable or that the agreement is unconscionable.  Therefore, Stitch Fix's motion to compel arbitration is granted.  [Filing No. 12.]

---

[1] The Clerk is directed to update the docket to reflect the proper name of "Stitch Fix, Inc." as identified in Stitch Fix's Federal Rule of Civil Procedure 7.1 corporate disclosure statement [Filing No. 19].
[2] Miller filed his response to Stitch Fix's motion as a motion, labeled "Motion to Continue Case and Dispute Appeal."  [Filing No. 16.]

### II. Background

On February 12, 2021, Stitch Fix provided Miller an offer letter for a warehouse associate position. [Filing No. 13-2.] Stitch Fix's offer stated that employment was for no specified period and constituted at-will employment. The letter also explained to Miller that his offer of employment contained four conditions, including signing and complying with an "Arbitration, Confidential Information, Invention Assignment, and At-Will Employment Agreement." [Filing No. 13-2, at ECF p. 2.] Miller electronically signed the offer letter on February 19, 2021, which noted that he would be required to sign and comply with the arbitration agreement and that a copy would be included with his new hire paperwork. [Filing No. 13-2.]

Miller began working for Stitch Fix on March 3, 2021, at its Indianapolis, Indiana, warehouse. [Filing No 13-3.] As part of the onboarding process, Miller received several documents to sign, including a copy of Stitch Fix's arbitration agreement. [Filing No. 13-4.] Miller electronically signed the arbitration agreement on March 8, 2021. [Filing No. 13-4, at ECF p. 8.] A representative from Stitch Fix also signed the agreement, and Miller did not ask Stitch Fix to change any of its terms. [Filing No. 13-1.] The arbitration agreement requires the parties to submit employment-related claims to binding arbitration and waive the right to pursue those claims in court. [Filing No. 13-4, at ECF p. 5.]

On August 8, 2023, Miller filed this lawsuit in this Court against Stitch Fix alleging disability discrimination under the Americans with Disabilities Act of 1990. [Filing No. 1.] On October 10, 2023, counsel for Stitch Fix spoke with Miller and reminded him of the arbitration agreement. Miller did not dispute that he signed the agreement, but indicated he had no intention of honoring it. [Filing No. 13, at ECF p. 5.] Thus, on November 3, 2023, Stitch Fix filed the

motion to compel arbitration which now pends.  [Filing No. 12.]  Miller opposes the motion.  [Filing No. 16.]

### III.   Discussion

Stitch Fix argues that this Court should compel arbitration because Miller agreed to arbitration when he accepted Stitch Fix's offer of employment, the agreement is valid and enforceable, and all of Miller's claims against Stitch Fix fall within the scope of the agreement and thus are subject to mandatory arbitration.  [Filing No. 13, at ECF p. 9-15.]  The Federal Arbitration Act codifies a strong federal policy in favor of enforcing arbitration agreements.  *See* 9 U.S.C. § 2.  A court must compel arbitration under the FAA when: (1) a valid agreement to arbitrate exists; (2) the dispute falls within the scope of that agreement; and (3) the plaintiff has refused to proceed to arbitration in accordance with the arbitration agreement.  *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006).  The party opposing arbitration bears the burden of proving that the claims at issue are not referable to arbitration.  *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000).  Stitch Fix claims that all three conditions have been satisfied.

Miller does not dispute that his claims against Stitch Fix fall within the scope of the agreement or that he has refused to proceed to arbitration.  Rather, his sole contention is that he signed the agreement "under great duress" because signing the form is a condition of employment and he "needed a job to provide for [his] family."  [Filing No. 16, at ECF p. 1.]  This is insufficient to render the agreement unenforceable.  Miller does not support his argument with any case law and fails to establish any basis as to why the Court should not enforce the arbitration agreement he voluntarily entered into with Stitch Fix.  Courts regularly compel arbitration for agreements a plaintiff entered into as a condition of employment.  *See, e.g.,*

3

*Tenbrink v. Toshiba Am. Med. Sys., Inc.*, No. 1:12-cv-01214-TWP-DKL, 2013 WL 3071276, at *1 (S.D. Ind. June 18, 2013) (granting motion to compel arbitration of an agreement that employee signed as a condition of employment).  To the extent Miller is arguing the arbitration agreement is unenforceable due to a perceived inequality in bargaining power or as a contract of adhesion, this argument likewise fails.  *See, e.g., Kaba v. Aerotek, Inc.*, No. 1:23-cv-00084-JMS-TAB, 2023 WL 2787958, at *3 (S.D. Ind. Apr. 4, 2023) (granting motion to compel arbitration where plaintiffs claimed in part arbitration agreement was unenforceable and unconscionable as a contract of adhesion).

     The parties have a valid agreement to arbitrate.  The arbitration agreement contains a valid and enforceable arbitration clause that encompasses the discrimination claims at issue in this case.  Stitch Fix presented the agreement to Miller for review as a freestanding document with a clear heading identifying it as such.  [Filing No. 13-4.]  Miller signed the agreement.  Miller's underdeveloped argument claiming he did so "under great duress" falls short.  Accordingly, Stitch Fix's motion to compel arbitration [Filing No. 12] is granted.  The Court stays these proceedings against Stitch Fix pending the disposition of the arbitration.  *See, e.g., Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("As this Court has noted on numerous occasions, the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright."  (Internal citation and quotation marks omitted)).

### IV.     Conclusion

For these reasons, Stitch Fix's motion to compel arbitration [Filing No. 12] is granted, and Miller's motion to continue litigating the case in this Court [Filing No. 16] is denied.  This matter is stayed pending resolution in the arbitration proceedings.  Stitch Fix and Miller shall file a notice with the Court within seven days of the conclusion of the arbitration.

Date: 12/5/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

RONALD A. MILLER
4318 Hoyt Ave.
Indianapolis, IN 46203